**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ALEA LONDON LIMITED, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-648 |
| | § | |
| DAVID BICKFORD, *et al.,* | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are plaintiff Alea London Limited's ("Alea") motion for summary

judgment (Dkt. 12) and Defendant Scottsdale Insurance Company's ("Scottsdale") motion for partial

summary judgment (Dkt. 38). After carefully considering the parties' pleadings, the record evidence,

and the applicable law, Alea's motion is GRANTED, and Scottsdale's motion is DENIED.

**I. BACKGROUND**

This is an insurance coverage dispute among Alea, Scottsdale, and several Bickford entities

including David Bickford, the individual, D. R. Bickford & Sons, Inc., and Bickford & Sons, L.P.

David Bickford, a framing and carpentry contractor, is associated with both Bickford entities, but

has never been the general partner of Bickford L.P. As part of his carpentry business, Bickford

secured several liability policies from Alea and Scottsdale. The relevant policies are:

1. Alea Policy ALE12566, effective from April 15, 2002 to April 15, 2003;

2. Alea Policy ALE15662, effective from April 15, 2003 to April 15, 2004;

3. Alea Policy ALE18696, effective from April 15, 2004 to April 15, 2005;

4. Scottsdale Policy CLS0655162, effective from March 16, 2000 to March 16, 2001; and

5. Scottsdale Policy CLS0738150, effective from March 15, 2001 to March 15, 2002.

Dkts. 12, 18.  David Bickford is the named insured in all of the Alea policies.  Bickford & Sons is the named insured in the Scottsdale policies.  *Id.*

In August, 2006, Royal Oaks Homes, LP sued D.R. Bickford & Sons, Inc. as successor in interest to Bickford & Sons, Inc. in the 157th Judicial District Court of Harris County, Texas, Cause No. 2006-53778 ("Royal Oaks Lawsuit").  D.R. Bickford & Sons, Inc. was also a named defendant in *Royal Oaks Homes, L.P. v. Builders Firstsource-South Texas L.P.*, which was pending in the 61st Judicial District Court of Harris County, Texas, Cause No. 2006-53779 before it was dismissed with prejudice as to defendant D.R. Bickford & Sons, Inc. ("Builders Firstsource Lawsuit").  The plaintiff in the Royal Oaks Lawsuit alleges that Bickford & Sons, Inc. provided substandard construction services which resulted in water penetration of wall cavities in several homes in the Royal Oaks subdivision.  As a result of the damages, Royal Oaks Homes, LP paid several claims to homeowners. It now seeks to recover for those damages.  Dkt. 12.

In April, 2007, 5177 Builders Ltd. and Lovett Interests filed a third-party petition against D.R. Bickford & Sons, Inc. and Bickford & Sons, L.P. in the 61st Judicial District Court of Harris County, Texas, Cause No. 2007-24030 for indemnity arising out of claims made by Kandice Fergus, individually and as next friend to Keegan Fergus, her minor child ("Fergus Lawsuit").  The Ferguses allege that they purchased a home from 5177 Builders in July, 2003, which also suffered water intrusion, and that the intrusion lead to asthma in Keegan Fergus which required medical attention. The water intrusion was allegedly caused by the work of D.R. Bickford & Sons, Inc. and Bickford & Sons, L.P.  On August 4, 2008, the Fergus lawsuit was dismissed without prejudice.  However,

since Keegan Fergus is still a minor, he can bring suit after he reaches 18 years of age.  *Id.*[1]

Scottsdale initially provided a defense to the Bickford defendants in the Royal Oaks and Builders Firstsource Lawsuits.  However, by letter dated August 4, 2008, Scottsdale tendered the defense and indemnity of Bickford & Sons in both lawsuits to Alea because some of the claims alleged in the underlying lawsuits fell outside of the coverage period of the Scottsdale policies.

Alea's motion for summary judgment (Dkt. 12) seeks declarations that:

1.    Alea has no duty to defend or indemnify D.R. Bickford & Sons, Inc. in the Royal Oaks Lawsuit or the Builders Firstsource Lawsuit because it is not a named insured under the Alea policies;

2.    Alea has no duty to defend or indemnify D.R. Bickford & Sons, Inc. or Bickford & Sons, L.P. in the Fergus Lawsuit because neither is a named insured under the Alea policies;

3.    Alea has no duty to defend or indemnify D.R. Bickford & Sons, Inc. or Bickford & Sons, L.P. in the Fergus Lasuit because the allegedly faulty work was done before the inception of the Alea policies;

4.    Alea has no duty to contribute to Scottsdale's defense costs for D.R. Bickford & Sons, Inc. in the Royal Oaks Lawsuit or the Builders Firstsource Lawsuit because it is not a named insured under the Alea policies; and

5.    Even if Alea has a duty to defend, it does not have a duty to indemnify D.R. Bickford & Sons, Inc. or Bickford & Sons, L.P. in the Royal Oaks Lawsuit or the Builders

---

[1]The Royal Oaks, Builders Firstsource, and Fergus lawsuits will be referred to collectively as "the underlying lawsuits."

Firstsource Lawsuit because the Independent Contractor Exclusion bars coverage under the Alea policies.

Scottsdale's motion for partial summary judgment (Dkt. 38) seeks a finding that Alea must reimburse it for its pro rata share of defense costs already expended in the underlying lawsuits.

## II. DECLARATORY JUDGMENT ACT AND JURISDICTION

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  The United States Supreme Court has repeatedly characterized the Declaratory Judgment Act as an "enabling"statute only, "confer[ing] a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) (quoting *PSC v. Wycoff Co.*, 344 U.S. 237, 241, 73 S. Ct. 236, 97 L. Ed. 291 (1952)) (internal quotation marks omitted).  Therefore, "the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." *Id.* (quoting *Wycoff*, 344 U.S. at 241).

Insurance coverage disputes are often resolved in an action for declaratory judgment. *Harris v. United States Fidelity & Guaranty Co.*, 569 F.2d 850, 852 (5th Cir. 1978).  However, § 2201 is a procedural provision only extending to controversies within the jurisdiction of the federal courts. *Gaar v. Quirk*, 86 F.3d 451, 453-54 (5th Cir. 1984).  As such, federal courts may not entertain declaratory judgment actions unless there is an independent basis for subject matter jurisdiction. *Lowe*, 723 F.2d at 1177.  As the present case is based on diversity of citizenship, under 28 U.S.C.

§ 1332, the jurisdictional requirements are satisfied, and the requests for declaratory relief are properly before this court.

## III.  LEGAL STANDARDS AND ANALYSIS

### A.    SUMMARY JUDGMENT STANDARD

A timely motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008).  "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  An issue is "material" if its resolution could affect the outcome of the action.  *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact.  *Id.* at 322.  If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required.  *Id.*

"For any matter on which the non-movant would bear the burden of proof at trial . . ., the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact

warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323-25.  When the moving party bears the burden of proof on the relevant issues at trial, it "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1994 (5th Cir. 1984). To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting FED. R. CIV. P. 56(e)).  When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the nonmovant.  *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).  The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non moving party as well as to the evidence supporting the moving party that is uncontradicted an unimpeached.  *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).  However, the nonmovant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."  *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts."  *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Amer. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

**B.** **DUTY TO DEFEND**

Under Texas law, an insurer owes a duty to defend its insured against allegations that are covered by the policy. *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). "An insurer is obligated to defend an insured as long as the complaint alleges at least one cause of action within the policy's coverage." *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 99 F.3d 695, 701 (5th Cir. 1996); *see also Rhodes v. Chicago Ins. Co.*, 719 F.2d 116, 119 (5th Cir. 1983) (citing *Superior Ins. Co. v. Jenkins*, 358 S.W.2d 243, 244 (Tex. Civ. App.–Eastland 1962, writ ref'd n.r.e.); *Maryland Cas. Co. v. Moritz*, 138 S.W.2d 1095, 1097-98 (Tex. Civ. App.–Austin 1940, writ ref'd); *Am. Eagle Ins. Co. v. Nettleton*, 932 S.W.2d 169, 173 (Tex. App.–El Paso 1996, writ denied). Moreover, the obligation to defend arises if there is even "potentially, a case under the complaint within the coverage of the policy." *Rhodes*, 719 F.2d at 119; *Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141; *Heyden Newport Chem Corp. Southern Gen'l Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965). The insured, however, must show "that the claim against it is potentially within the policy's coverage." *Canutillo*, 99 F.3d at 701; *see also Employers Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988), *overruled on other grounds by State Farm Fire & Cas. v. Gandy*, 925 S.W.2d 696 (Tex. 1996). Conversely, "the insurer bears the burden of establishing that an exclusion in the policy constitutes an avoidance of or affirmative defense to coverage." *Canutillo*, 99 F.3d at 701 (citing TEX. INS. CODE ANN.art. 21.58(b) (Vernon 2005)). Once the insurer demonstrates the applicability of an exclusion, the burden re-shifts to the insured. *Guar. Nat'l Ins. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998). The insured must then establish an exception to the exclusion. *Id.*

To determine if a duty to defend exists, a district court must limit its review to the "four corners" of the insurance policy and the "four corners" of the allegations in the underlying complaint. *Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 140; *Providence Wash. Ins. Co. v. A&A Coating, Inc.*, 30 S.W.3d 554, 555 (Tex. App.–Texarkana 2000, pet. denied); *Tri-Coastal Contractors, Inc. V. Hartford Underwriters Ins. Co.*, 981 S.W.2d 861 (Tex. App.–Houston [1st Dist.] 1999, pet. denied). This "eight corners" or "complaint allegation" rule governs the dispute. *See Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141; *see also St. Paul Fire & Marine Ins. Co. V. Green Tree Financial Corp.*, 249 F.3d 389, 391 (5th Cir. 2001); *Canutillo*, 99 F.3d at 701. The court, therefore, must begin its consideration of the insurer's duty, if any, by examining the insurance policy at issue. *See, e.g., Canutillo*, 99 F.3d at 700.

Texas law is clear that the interpretation of an insurance policy is a question of law subject to the same rules that apply to contracts generally. *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994); *Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991); *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987); *Coker v. Coker*, 650 S.W.2d 391, 393-94 (Tex. 1983). Therefore, in "construing a contract, the court's primary concern is to give effect to the written expression of the parties' intent." *Forbau*, 876 S.W.2d at 133; *see also Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex. 1998); *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995). The court must first examine "the language of the contract itself." *Empire Fire & Marine Ins. Co. v. Brantley Trucking, Inc.*, 220 F.3d 679, 681 (5th Cir. 2000) (citing *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984)). If the insurance policy language is susceptible to more than one reasonable interpretation then it is deemed ambiguous, and the court must "resolve the uncertainty by adopting the construction that most favors

the insured." *Hudson Energy Co.*, 811 S.W.2d at 555 (citing *Barnett*, 723 S.W.2d at 667; *Ramsay v. Md. Am. Gen. Ins. Co.*, 533 S.W.2d 344, 349 (Tex. 1976); *Brown v. Palatine*, 89 Tex. 590, 35 S.W. 1060, 1061 (1896)).   However, policy language that can be given only one reasonable construction is not ambiguous. *Hudson Energy Co.*, 811 S.W.2d at 555; *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984); *see also State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex. 1995) ("[N]ot every difference in the interpretation of a contract or an insurance policy amounts to an ambiguity.  Both the insured and the insurer are likely to take conflicting views of coverage, but neither conflicting expectations nor disputation is sufficient to *create* an ambiguity." (quoting *Forbau*, 876 S.W.2d at 134)).

Alea urges the court to construe policies 12566, 15662, and 18696 to exclude coverage. Alea argues that there is no duty to defend D.R. Bickford & Sons, Inc. or Bickford & Sons, L.P. in the underlying lawsuits because neither of them is a named insured under any of the policies.  All three Alea insurance policies list David Bickford as the only named insured. Dkt. 13, Exs. A, C, and D. The declarations sections of all three policies list the insurer's form of business as incorporated. *Id.* The policies also include a section outlining "who is an insured." *Id.*  It states that:

> If you were designated in the Declarations as:
>
> a.  An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
>
> b. A partnership or joint venture, you are an insured.  Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
>
> c.  A limited liability company, you are insured.  Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

> d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

*Id.* The policy also states that "[n]o person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown in the Declarations as a Named Insured." *Id.*

Alea argues that because D.R. Bickford & Sons, Inc. and Bickford & Sons, L.P. are not part of the insured group as defined by the policy, they are not entitled to defense in the underlying lawsuits. In response, the Bickford defendants argue that the declaration pages of the Alea policies "raise a genuine issue of material fact as to the identity of the insured." Dkt. 24. Alternatively, they argue that Alea's motion should be denied so that discovery can proceed regarding the identity of the insured. Scottsdale argues similarly and includes additional evidence that the applications for coverage associated with the Alea policies list the applicant as David Bickford (DBA) Bickford & Sons, L.P. and then lists the relevant business form as corporation. Dkt. 30. Scottsdale states that "[t]he application confirms the ambiguity as to the proper insured's identity and raises the issue of why an individual, doing business as a partnership, would list its business form as a corporation." *Id.*

However, Scottsdale's presentation of extrinsic evidence is improper, and Bickford's request for additional time for discovery is unnecessary because the policies themselves are unambiguous. The named insured is David Bickford. Neither D. R. Bickford & Sons, Inc. nor Bickford & Sons, L.P. is a named insured or covered by the "who is insured" provision of the policy as quoted above. The Bickford entities do not state why they believe the policy is ambiguous, but instead state that

10

"Bickford, a framing/carpentry contractor, needed the policies to cover potential liability for property damage and bodily injury."  Dkt. 24.  However, Bickford's desire and need for insurance coverage do not transform an unambiguous contract into an ambiguous one.  *Forbau*, 876 S.W.2d at 134.

Because the Bickford defendants cite to the declarations page, the court supposes that they are arguing that the designation of David Bickford as an incorporated entity is ambiguous because David Bickford is in fact an individual.  However, neither David Bickford, the individual, nor David Bickford, Incorporated are defendants in the underlying lawsuits.  The actual named defendants, D. R. Bickford & Sons, Inc. and Bickford & Sons, L.P. are not named in the policy.  By stating that "[n]o person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown in the Declarations as a Named Insured," the policy clearly precludes coverage for entities that are not named in the policy and for related corporate entities.  Accordingly, the named defendants in the underlying lawsuits are not named insureds, and the policies are unambiguous in that regard.  Since the policies are unambiguous, Scottsdale's reliance on the applications for insurance is misplaced.  The "eight corners" rule prohibits resort to extrinsic evidence, when the language of the policy is unambiguous.  *Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 140.

Since the named defendants in the underlying lawsuits are not covered by any of the Alea policies, Alea is not required to defend the Bickford defendants in the underlying lawsuits listed above.  Likewise, Alea is not required to contribute to defense costs already expended by Scottsdale.

**C.   DUTY TO INDEMNIFY**

In Texas, the insurer's duty to indemnify an insured is more narrow than its duty to defend the insured. *Lincoln Fed. Ins. Co. v. Aisha's Learning Cent.*, 468 F.3d 857, 858 (5th Cir. 2006); *Gulf*

*Chem. & Metallurgical Corp. v. Assoc. Metals & Minerals Corp.*, 1 F.3d 365, 369 (5th Cir. 1993);

*St. Paul Ins. Co. v. Tex. Dep't of Transp.*, 999 S.W.2d 881, 884 (Tex. App.–Austin 1999, pet.

denied).  Therefore, an insurer not owing a duty to defend invariably owes no duty to indemnify.

*Am. Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 324 (5th Cir. 2001) (citing *Lay v. Aetna Ins. Co.*, 599

S.W.2d 684, 687 (Tex. Civ. App.–Austin 1980, writ ref'd n.r.e.) ("[A]ppellee had no duty to defend

appellant, and, in turn, appellant has no right to indemnification.")); *see also W. Heritage Ins. Co.

v. River Entm't*, 998 F.2d 311, 315 (5th Cir. 1993) ("[I]f the district court's reading of the liquor

liability exclusion is correct (i.e. no duty to defend), there can be no indemnity following a

judgment.").   However, "an insurer may have a duty to defend but, eventually, no duty to

indemnify," *EMASCO Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 438 F.3d 519, 524 (5th Cir.

2006) (citing *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997)), because

the actual facts established in the underlying litigation, rather than the allegations in the pleadings,

trigger the duty to indemnify.  *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821 (Tex.

1997).

Since the court has found that Alea does not owe the Bickford defendants a duty to defend,

the court also finds that Alea does not owe the Bickford defendants a duty to indemnify.  *See Ryan*,

274 F.3d at 324; *River Entm't*, 998 F.2d at 315.

**D.     ALEA'S OTHER CLAIMS**

Alea also seeks a declaration that the faulty work in the Fergus lawsuit was done before the

inception of the Alea policies and that the work done in the Royal Oaks and Builders Firstsource

lawsuits is subject to the Independent Contractor Exclusion included in the Alea policies.  Since the

court has already determined that the claims in the underlying lawsuits are not covered by the Alea

policies, a determination on these claims is unnecessary.

12

**E.      COUNTERCLAIMS**

The Bickford defendants and Scottsdale both have counterclaims on file against Alea.  Dkts.

46, 47.  Those counterclaims seek a declaration that Alea is required to defend and indemnify the

Bickford defendants in the underlying lawsuits.  Since the court has already found that Alea has no

duty to defend or indemnify, those claims should be dismissed.

## IV. CONCLUSION

For these reasons, Alea's motion for summary judgment (Dkt. 12) is GRANTED.

Scottsdale's motion for partial summary judgment (Dkt. 38) is DENIED.  Scottsdale and the

Bickford defendants' counterclaims against Alea are DISMISSED WITH PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on June 12, 2009.

_____

Gray H. Miller

United States District Judge